| United States District Court | Southern District of Texas |
|---|---|

| | | |
|---|---|---|
| Vada De Jongh, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-14-2305 |
| State Farm Lloyds, Inc., et al., | § § § | |
| Defendants. | § | |

# Opinion on Summary Judgment

1. *Introduction.*

Vada De Jongh bought a home-insurance policy from State Farm Lloyds. After a storm, she submitted a claim. State Farm denied it. She sued State Farm Lloyds, Inc., (State Farm Texas) for breach of contract and extra-contractual claims. State Farm responded. A bench trial ended in a take-nothing judgment for State Farm.

On appeal, De Jongh claimed that she misidentified her insurer, but insisted that she had intended to sue State Farm Texas. The appellate court took her at her word – as the master of her own complaint – and found that the district court lacked jurisdiction because both De Jongh and State Farm Texas were Texas residents. After remand, she amended her complaint to include only claims against State Farm. State Farm again removed. Because she originally intended to sue State Farm Texas and tolling the limitations period for her claims would harm State Farm, her claims are barred by statute of limitations. She will take nothing from State Farm.

2. *Background.*

On April 4, 2012, a hail and wind storm hit Alvin, Texas. De Jongh filed a claim against her insurance policy with State Farm asserting that her roof was damaged in the storm. On May 17, State Farm's employee, Greg Rollans, inspected the property. He found that (a) a section of shingles had been rubbed off the roof by a tree branch; (b) the general condition of the roof

was so poor that it would have been susceptible to hail damage but that no accidental direct physical loss from the storm appeared; and (c) the interior of the home was not damaged. He explained his findings to De Jongh.

On July 12, 2012, State Farm administratively closed her claim.[1] On August 17, she asked State Farm to re-open her claim and to reinspect the property. On August 23, after reinspection, State Farm sent De Jongh a letter rejecting her claim and again explaining that the estimated coverage was less than her deductible.

On November 15, 2012, De Jongh sued State Farm Texas and Dwight Johnson. Johnson was the original claim adjuster. On December 21, State Farm – although not a named defendant – removed the case. After a bench trial, the court entered a take-nothing judgment for State Farm and Johnson. De Jongh appealed.

The appellate court vacated the court's final judgment and ordered the case to be remanded. It found that the district court lacked diversity jurisdiction because State Farm Texas rather than State Farm – a diverse resident – was the defendant named and intentionally sued by De Jongh. On July 14, 2014, De Jongh filed an amended petition in the state district court naming only State Farm as a defendant. State Farm again removed the case.

3. *Accrual Date.*

Her cause of action accrued when State Farm denied her claim. An insurer closing a claim without payment is an objectively verifiable event that clearly demonstrates its intent not to pay the claim and that the claim was denied.[2] De Jongh says that State Farm only *temporarily* closed her file. She says that it did not deny her claim until it reinspected the property and mailed her a denial letter. State Farm says that it denied her claim when it administratively closed it.

On May 17, 2012, State Farm inspected the property and found no covered damage. On June 11, records show that a State Farm employee was directed to draft a denial letter. The

---

[1] Defendant State Farm's Motion for Summary Judgement Regarding Statute of Limitations - Exhibit A at 9, De Jongh v. State Farm Lloyds, Inc., et al. 14-cv-2305,(S.D.T.X. 2014), ECF No.25.

[2] Kuzbiar v State Farm Lloyds, 52 S.W. 3d 759, 760. (Tex. App. - San Antonio 2001, pet. denied).

records are unclear whether it merely intended to send De Jongh a denial letter after the initial inspection but did not or whether a denial letter made it to her mailbox. Neither party contends that she received a letter before the reinspection. On July 12, it closed her claim without payment.

De Jongh's actions support that July 12, 2012, at the latest, is the accrual date for her claims. State Farm did not spontaneously decide to re-open her claim; it only re-opened it after she asked and she submitted alternate findings supporting coverage.

After the initial inspection, the inspector for State Farm, Rollans, told De Jongh that no damage to the roof of the house was covered. Next, she hired a third-party contractor independently to inspect the roof. She immediately informed State Farm of his findings. If she did not know that the damage was uncovered by the policy, then she would have had little reason to submit alternative findings to State Farm when asking for it to re-open her claim. She also would not have repeatedly called State Farm to convince it to reinspect the property. Clearly, she knew that State Farm had denied coverage for her claim. If it had not responded to her request, she would have sued for malicious claim practices, as she did anyway.

De Jongh's claim accrued on July 12, 2012, at the latest, the day that State Farm closed her claim without payment.

5.  *Misidentification.*

A misnomer happens when a correct party is served with notice of a suit but it is not correctly named. A misidentification happens when more than one separate, similarly-named legal entities exist and the party sues the wrong one. A misnomer tolls the statute of limitations, but a misidentification generally does not.

A misidentification will toll the statute of limitations only in cases where (a) there are two legally separate but related entities; (b) the incorrect entity is sued; (c) the correct party is served with notice of the suit; and (d) the correct party was not misled or disadvantaged by the mistake.[3]

De Jongh told the court of appeals that (a) State Farm Texas and State Farm are separate and distinct legal entities; (b) she never served State Farm; and (c) she intentionally did not

---

[3] Chilkewitz v. Hyson, M.D., P. A. 22 S.W. 3d 825, 828 (Tex. 1999).

correct the named defendant in her pleadings.[4] She starkly said that she did not intend to sue State Farm – she intended to sue State Farm Texas and Dwight Johnson.

A judicial admission occurs when a party makes a statement (a) in a judicial proceeding; (b) is contrary to a fact essential to the theory of recovery; (c) it is deliberate, clear, and unequivocal; (d) is consistent with public policy; and (e) is about a fact on which a judgment for the opposing party can be based.[5]

The court will honor De Jongh's choice to sue State Farm Texas and not State Farm.[6] She did not sue the incorrect party – she sued State Farm Texas and Johnson.

Even if she had sued State Farm Texas by mistake, she misled State Farm to its detriment. The first page of State Farm's original notice of removal says that De Jongh named the wrong defendant. From that point forward, she knew exactly who had responded to her complaint, who had attended pre-trial conferences, and who had opposed her during the bench trial. Moreover, State Farm is the insurer listed on her policy and the only entity from which she knew she could rightfully recover.

State Farm has already successfully defended itself against De Jongh's claims. After the court awarded her nothing, she orchestrated a peculiar rendition of the record on appeal. This revived her claims by procedurally requiring their remand. De Jongh misled State Farm by agreeing to a bench trial when she did not consider it a proper defendant. Now, she asks State Farm to defend itself against the same claims – for the second time. Her mean-spirited, misleading use of the legal system is her swan song.

Limitations will not be tolled.

---

[4] Reply Brief for Plaintiff-Appellant at 7, De Jongh v. State Farm Lloyds, et al. No. 13-20174 (5th Cir. Nov. 26, 2013).

[5] Heritage Bank v. Redcom Labs., Inc., 250 F.3d 319, 329 (5th Cir.2001) (citing Griffin v. Superior Ins. Co., 161 Tex. 195, 338 S.W.2d 415, 419 (1960)).

[6] De Jongh v. State farm Lloyds, et al., No, 13020174, slip op. at 6 (5th Cir. Feb. 20, 2014).

6.   *Statute of Limitations.*

De Jongh's policy says that an action brought against State Farm must be brought within two years and one day after the cause of action accrues.[7] De Jongh's cause of action accrued on July 12, 2012. She did not name State Farm as a defendant until July 14, 2014. She brought her claims one-day late. Her contract claims are barred by statute of limitations.

As an insured, De Jongh must sue for extra contract claims, e.g., a breach of good faith and fair dealing, within two years of the denial of her claim.[8] De Jongh's cause of action accrued on July 12, 2012. She did not name State Farm as a defendant until July 14, 2014. She brought her claims two-days late. Her extra-contract claims are barred by statute of limitations.

De Jongh could have amended her suit on time, but did not. Any delay is of her own making. State Farm will not be made to shoulder the burden of her untimely antics.

7.   *Conclusion.*

A claim accrues when an insurer informs an insured of its finding and closes the claim without payment. Because De Jongh sued too late, her contract and extra-contract claims are barred by limitations.

Signed on August 17, 2015, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

---

[7] Defendant State Farm Lloyds' Motion for Summary Regarding Statute of Limitations - Exhibit D at 14, De Jongh v. State Farm Lloyds, Inc., et al. 14-cv-2305, (S.D.T.X. 2014), ECF No 25.

[8] Provident Life and Accident Insurance Company v. Knott, M.D.M., 128 S.W. 3d 211, 220-21 (Tex. 2003).